IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN LOWELL MORTON, #1924241, §<br>Petitioner, §<br>§<br>v. §<br>§<br>LORIE DAVIS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Div., §<br>Respondent. § | CASE NO. 3:17-CV-2653-D-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management, including a recommended disposition of the petition for writ of habeas corpus brought under 28 U.S.C. § 2254.  Upon review, the habeas corpus petition should be **DENIED**.

### I.  BACKGROUND

A jury convicted Petitioner Steven Lowell Morton of possessing a controlled substance and, finding the enhancement allegations "true," sentenced him to 60 years' imprisonment.  *State v. Morton*, No. F47525 (18th Jud. Dist. Ct., Johnson Cty., Tex., April. 14, 2014), *aff'd*, No. 10-14-00113-CR, (Tex. App.–Waco 2015, pet. ref'd.).  Doc. 21-3.  The Texas Court of Criminal Appeals (TCCA) refused Morton's petition for discretionary review on March 9, 2016.  *Morton v. State*, PDR No. 1156-15 (Tex. Crim. App. 2016). Doc. 21-8.  On September 27, 2017, the TCCA denied state habeas relief without written order on the findings of the trial court.  *Ex Parte Morton*, No. WR-86,890-1, Doc. 21-24.  Subsequently, on October 24, 2017, the TCCA denied Morton's suggestion for reconsideration.  Doc. 21-29.

Morton timely filed his initial Section 2254 petition in this Court on September 26, 2017. Doc. 3. He filed an amended petition on November 9, 2017, Doc. 10, and a second amended petition on November 15, 2017, Doc. 13. Morton's first and second amended petitions allege the same ineffective assistance of trial and appellate counsel claims. *Compare* Doc. 13 and Doc. 10. Respondent argues that one of Morton's claims is unexhausted and procedurally barred, and that his remaining claims lack merit. Doc. 24. Morton filed a *Motion to Amend* petition, Doc. 18, which the Court has in effect granted, construing it as a supplemental brief, Doc. 26; Doc. 27. Morton additionally filed a reply. Doc. 29.

Morton asserts:

1. Trial counsel was ineffective for:

    a. Failing to argue at the suppression hearing that the police had no probable cause under the plain view doctrine to justify a warrantless search; and

    b. Failing to request a jury instruction on no probable cause under the plain view doctrine to justify a warrantless search.

2. Appellate counsel was ineffective for failing to argue that trial counsel was ineffective for the reasons stated in claim 1(a) and (b), above.

## II.  PROCEDURALLY BARRED CLAIMS

### A. Claim 1(b) is Unexhausted and Procedurally-Barred

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). A Texas prisoner may satisfy this requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th

Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

  The State argues that Morton failed to exhaust the claim that his counsel was ineffective for failing to request a jury instruction pursuant to Texas Code of Criminal Procedure article 38.23 based on a lack of probable cause under the plain view doctrine to justify a warrantless search. Doc. 24 at 8. Morton argues that he did present this claim to the TCCA in his state habeas application and directs the Court to Ground One of his state habeas application. Doc. 29 at 2. However, a review of the record reveals that Morton did not properly present that issue in his state habeas application, Doc. 21-31 at 19-36, or in his memorandum in support of the state habeas application, Doc. 21-31 at 37-59. While Morton did discuss the issue in the memorandum, he did so only in support of his second ground—that his <u>appellate</u> counsel was ineffective for failing to raise the issue on appeal. *See Id.* Because Morton's claim in the instant federal habeas petition is not substantially equivalent to the claim presented to the TCCA, it does not meet the "fairly presented" requirement and is therefore not properly exhausted. *See Whitehead*, 157 F.3d at 387.

  Morton's failure to exhaust state court remedies constitutes a procedural default that bars this Court from considering his claim of ineffective assistance of counsel on this ground. *Morris v. Drekte*, 413 F.3d 848, 491-92 (5th Cir. 2005); *Ries*, 522 F.3d at 523-24. Additionally, Morton has not alleged or demonstrated cause for the default and actual prejudice, or that a fundamental

3

miscarriage of justice would occur if the Court were to refuse to consider his claims. *See Coleman*, 501 U.S. at 750

In any event, the claim has no merit. Morton argues in conclusory fashion that had his counsel requested a jury instruction based on the lack of probable cause under the plain view doctrine to justify a warrantless search, "such an instruction would have been presented to the jury which in turn would have rendered a different verdict." Doc. 11 at 7. Morton contends that his counsel's "failure here was fatal for the defense and therefore should be afforded no deference and [his] conviction reversed." *Id*. at 15. Despite his allegations, however, Morton has failed to demonstrate that had the instruction been requested, the trial court would have given it. He has also failed to show that if the instruction had been given, there is a reasonably possibility that the outcome of his trial would have been different; to-wit: that he would not have been convicted. Consequently, Morton has failed to demonstrate that trial counsel was ineffective on this ground. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (stating that to demonstrate ineffective assistance of counsel a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *see also Harrington v. Richter*, 562 U.S. 86, 112 (2011) (stating "[t]he likelihood of a different result must be substantial, not just conceivable."). Accordingly, claim 1(b) affords no relief to Morton.

### III. REMAINING CLAIMS

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). A person seeking federal habeas corpus review must assert a violation of a

federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *see Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). In order to obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Richter*, 562 U.S. at 102-03. A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Williams*, 529 U.S. at 404. A state application

5

that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384(5thCir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits, while a "dismissal" means the claim was declined on grounds other than the merits). A state court's factual findings "shall be presumed to be correct" unless petitioner carries the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001).

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U. S. at 694. Petitioner must "affirmatively prove, not just allege, prejudice. Id. at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 691. Additionally, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

6

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland,* 466 U.S. at 689, "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by Section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

### A. Counsel's Failure to Argue the Plain View Doctrine at the Suppression Hearing

Morton argues his trial counsel rendered ineffective assistance in "presenting a legally untenable argument at suppression hearing." Doc. 13 at 5. Specifically, Morton contends that counsel provided ineffective assistance at the suppression hearing by challenging the police search of his bag inside his motel room only based on Morton's expectation of privacy, rather than on the theory that there was no probable cause to search under the plain view doctrine. *Id*. In support, Morton cites counsel's closing argument at trial:

> And the key to this -- the key to this, this bag right here, plain view -- policemen sees in plain view. As much as they tried to make this thing stay open, this is what it does when no one is touching it. It's closed. Even when it's unzipped it's closed. No plain view there.

Doc. 21-19 at 36. Morton argues that the appropriate time to present the "plain view" argument was at the suppression hearing, "where there existed a reasonable probability that the outcome of that particular proceeding would have differed." Morton concludes that his counsel was, thus, ineffective for failing to do so.

Short of his bald assertion, Morton has failed to demonstrate a reasonable probability that had his attorney raised the plain view argument at the suppression hearing, the results of the proceeding would have been different. He merely speculates that the judge would have ruled in

7

his favor and that, consequently, he was prejudiced. *See* Doc. 11 at 21. However, Morton must "affirmatively prove" he was prejudiced by his counsel's performance at the suppression hearing, and his mere allegation does not suffice. *Strickland*, 466 U. S. at 693.

Moreover, Morton has failed to demonstrate the substantial likelihood of a different result had his counsel raised the plain view argument at the suppression hearing. *See Richter*, 562 U.S. at 112. The state habeas court's factual findings and conclusions on this issue were as follows:

### FINDINGS OF FACT

1. The Court finds from the sworn affidavit of Mr. William G. Mason and from a review of the record that, during the State's case-in-chief, the prosecution offered into evidence State's Exhibit No. 10 (i.e., a shaving kit in which Officer Corey Hall testified he had seen drug paraphernalia in plain view) and, as the State was offering said exhibit, Mr. Mason observed that the shaving kit did not stay open, but closed tightly. (Footnote omitted).

2. The Court finds from the sworn affidavit of Mr. William G. Mason and from a review of the record, that Mason commented during his closing argument in guilt/innocence on how the shaving kit would not stay open (raising an inference that the drug paraphernalia was not in plain view as testified by Hall and suggesting that Officer Cory Hall's testimony was not credible). (Footnote omitted).

3. The Court finds from the sworn affidavit of Mr. William G. Mason and from a review of the record that Mr. Mason did not challenge the plain-view doctrine during the suppression hearing, but that such a challenge was made when, after Mason called Applicant to testify. Applicant stated on cross-examination that the shaving kit was closed and zipped when Applicant went to bed; thereby challenging Officer Hall's testimony that the drug paraphernalia contained inside the shaving kit was observed by Hall in plain view. (Footnote omitted).

4. The Court finds from the sworn affidavit of Mr. William G. Mason and from a review of the record that, during the suppression hearing, Mr. Mason challenged the legality of law enforcement's entry into Applicant's hotel room as the main theory of his case (i.e., that Applicant had an expectation of privacy in his motel room which was violated by law enforcement's entry into same). (Footnote omitted).

CONCLUSIONS OF LAW

1. From the sworn affidavit of Mr. William G. Mason and a review of the record, the Court concludes that, although Mr. Mason failed to challenge the plain view doctrine during the suppression hearing, Mr. Mason was not ineffective as alleged in that Applicant suffered no harm from the deficiency. First, such a challenge was ultimately made during the hearing. Secondly, Mr. Mason otherwise had a viable defense (i.e., that Applicant had a reasonable expectation of privacy in his motel room and that the entry into that room by law enforcement violated Applicant's right to privacy under the Fourth Amendment to the United States Constitution).

Doc. 21-33 at 6-8.

For the reasons previously detailed, Morton has failed to demonstrate that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000).

This claim, therefore, has no merit and must fail.

**B. Ineffective Assistance of Appellate Counsel**

Morton argues appellate counsel was ineffective for failing to raise on appeal the same two claims of ineffective assistance of trial counsel that are addressed in the previous sections herein and found to lack merit. This claim likewise lacks merit.

A counsel's performance on appeal is also judged under the two-prong *Strickland* test. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Id.* at 1043. "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* To demonstrate prejudice, a petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir.2001) (citations omitted). Additionally, appellate counsel

9

"need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins,* 528 U.S. 259, 288 (2000). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim . . . it is difficult to demonstrate that counsel was incompetent." *Id.*

Both the Court of Appeals for the Fifth Circuit and the TCCA have recognized that "raising ineffective assistance on direct appeal 'is often an inappropriate forum' in that the record may not be fully developed as to a particular claim." *Williams v. Cockrell*, 46 F. App'x 227 *8 (5th Cir. 2002) (quoting *Thompson v. State,* 9 S.W.3d 808, 814 n. 5 (Tex.Crim.App.1999)). Except in rare instances, a claim of ineffective assistance of counsel in Texas is more properly brought through a state application for writ of habeas corpus, not on direct appeal, since the issue of counsel's ineffectiveness may not be sufficiently developed. *Jackson v. State,* 973 S.W.2d 954, 957 (Tex.Crim.App.1998).

Morton's appellate counsel raised three issues on direct appeal, one of which was a claim of ineffective assistance of trial counsel for improperly distancing himself from Morton to the jury. *See* Doc. 21-5 at 11. In denying the claim, the state appeals court held:

> Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Specifically, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Doc. 21-3 at 11-12.

10

The additional ineffective assistance of counsel claims Morton advances here would have fared no better. The record also was not fully developed as to Morton's claims that trial counsel was ineffective for failing: (1) to argue at the suppression hearing that the police lacked probable cause under the plain view doctrine to justify a warrantless search; and 2) to request a jury instruction on no probable cause under the plain view doctrine to justify a warrantless search. Thus, as with the one claim of ineffective assistance of trial counsel raised on direct appeal, they would not likely have succeeded. Specifically, the record on direct appeal was silent as to the reasons for trial counsel's actions. Indeed, it was not until Morton's trial counsel submitted an affidavit during the state habeas proceedings that his strategy regarding these two issues was explained. Consequently, Morton has failed in his burden to show that his appellate counsel was deficient for failing to raise the issues on direct appeal. *Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir.2001).

Moreover, Morton has not demonstrated that he was prejudiced. The state habeas court subsequently rejected Morton's claims of ineffective assistance of trial counsel on these same grounds when it denied Morton's application for state habeas corpus relief. As previously detailed herein, Morton has failed to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He has also failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98.

Accordingly, Morton's claims of ineffective assistance of appellate counsel should be denied.

11

## IV. EVIDENTIARY HEARING

Finally, Morton requests an evidentiary hearing "to expand the record." Doc. 11 at 20. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181; *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same as to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, Morton only alleges non-defaulted claims under section 2254(d)(1) that were adjudicated on the merits in state court. As such, he cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court, and is not entitled to an evidentiary hearing.

## V. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED** on January 30, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).